IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:98-CR-184-2H
No. 5:16-CV-670-H

MARVIN G. ROLAND,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [DE #73], petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #69]. Petitioner has filed a response [DE #178], and these matters are ripe for adjudication. Former President Obama issued an Executive Order of Clemency on January 17, 2017, which commuted petitioner's sentence to May 19, 2017, leaving intact the court's imposition of supervised release.[1]

## BACKGROUND

On February 25, 1999, petitioner pled guilty, pursuant to a written plea agreement, to two counts of an indictment charging him with conspiracy to distribute and possess with intent to

---

[1] Petitioner has since been released and is on supervised release under the supervision of the United States Probation Office in Florida.

distribute a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and § 846 (Count One) and using and carrying a firearm during and in relation to a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. § 924(c)(1) and § 2 (Count Three).[2] [DE #35 at 4-5]. On July 12, 1999, the court sentenced petitioner to a term of imprisonment of 322 months. [DE #50 at 2]. Petitioner did not appeal.

More than fifteen years later, on July 8, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 [DE #69], claiming the court erred when it classified him as a career offender under USSG § 4B1.1 for Florida drug convictions which he contends were not controlled substance offenses based upon recent Supreme Court decisions in Descamps v. United States, 570 U.S. 254 (2013) and Mathis v. United States, 136 S. Ct. 2243 (2016). [DE #69-1 at 3].

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

---

[2] Count Two of the indictment, possession with intent to distribute a Schedule II controlled substance, was dismissed upon motion of the government at sentencing on July 12, 1999.

2

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's 28 U.S.C. § 2255 motion was not filed within one year of the entry of judgment. Petitioner contends his motion is timely under 28 U.S.C. § 2255(f)(3). [DE #69-1 at 1]. However, neither Descamps nor Mathis recognize the right asserted by petitioner, but rather address the way in which certain prior convictions qualify as violent felonies under the Armed Career Criminal Act ("ACCA"). Petitioner is not disputing the designation of prior convictions as violent felonies under the ACCA, but rather the designation of prior convictions as controlled substance offenses under the United States Sentencing Guidelines, which categorized him as a career offender. Therefore, these Supreme Court cases do not assist petitioner, and petitioner's motion is untimely.

3

Additionally, even if the court were to consider petitioner's argument that his 1990 Florida conviction for possession of methamphetamine, [PSR at ¶ 17], is not a qualifying controlled substance offense to designate him as a career offender, the court notes that petitioner had two other convictions for Florida sale and possession with intent to sell methamphetamine and one additional conviction for Florida sale of methamphetamine that would serve as qualifying predicate offenses sufficient to designate him as a career offender. [PSR at ¶¶15, 16, 19].

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE #73] is GRANTED, petitioner's motion under 28 U.S.C. § 2255, [DE #69] is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

4

this court's dismissal of petitioner's § 2255 Motion debatable. Therefore, a certificate of appealability is DENIED.

This 11th day of April 2018.

*Malcolm J. Howard*
Senior United States District Judge

At Greenville, NC
#35